**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

| | |
|---|---|
| CHRISTOPHER DAVID STANLEY | CASE NO. 18-bk-04275-KSJ |
| FARABEE LYN STANLEY | CHAPTER 7 |
| Debtors. | |
| _____/ | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THE RELIEF REQUESTED IN THIS PAPER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE SET FORTH ON THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS FOR SERVICE IF ANY PARTY WAS SERVED BY U.S. MAIL.**

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE A RESPONSE WITH THE CLERK OF THE COURT AT THE GEORGE C. YOUNG FEDERAL COURTHOUSE 400 WEST WASHINGTON STREET, SUITE 5100, ORLANDO, FL 32801 AND SERVE A COPY ON THE MOVANT'S ATTORNEY, GAVIN STEWART, P.O. BOX 5703, CLEARWATER, FL 33758, AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED. IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER SCHEDULE AND NOTIFY YOU OF A HEARING, OR CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING.**

**IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

Specialized Loan Servicing LLC as servicing agent for Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FF2 ("Movant") moves the Court, pursuant to 11 U.S.C. §362(d), for relief from the automatic stay and states:

1. On November 1, 2004, Willard O. Stanley, executed and delivered a promissory note in favor of in favor of First Franklin Financial Corp., subsidiary of National City Bank of Indiana. On the same date Willard O. Stanley and Kathleen Stanley executed a mortgage securing the promissory note.

2. Debtor, Christopher David Stanley, by virtue of Willard O. Stanley's Last Will and Testament, is the current owner of the Property.

3. Specialized Loan Servicing LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, directly or through an agent, has possession of the promissory note and has the ability to enforce and foreclose its lien. The note has been duly endorsed and Movant is the assignee of the mortgage. A copy of the promissory note, mortgage, assignment of mortgage and probate documents is attached hereto as Composite Exhibit "A."

4. The mortgage is secured by the following real property located in Lake County, Florida:

> A part of Lot 18 according to the plat of Francis J. Hinson's Plan of the Town of Altoona, Florida, as recorded in Plat Book 1, Pages 28 and 29, Public Records of Lake County, Florida, bounded and described as follows; Begin at a point on the Easterly line of said lot that is 87.77 feet Southerly from the Northeasterly corner of said lot; run thence Southerly along the Easterly line of said lot a distance of 100 feet; thence Westerly along a line that is parallel with the Northerly line of said lot a distance of 125 feet; thence Northerly along a line that is parallel with the Easterly line of said lot a distance of 100 feet; thence Easterly along a line that is parallel with the Northerly line of said lot a distance of 125 feet to the point of beginning.

**AKA  42525 West Altoona Road, Altoona, Florida 32702 ("Property")**

5. The loan in default. Pursuant to Local Rule 4001-1(c)(1)(C), the following is the default information on the loan as of December 14, 2018, the total debt owed was $147,825.17 and the loan is due for the September 1, 2012 payment and all subsequent payments.

6. According to the Debtors' schedules the value of the Property is $109,223.00.

7. According to the Statement of Intention, Debtors intend to surrender the collateral.

8. It would be inequitable to allow the Debtors to retain the Property, as there is no equity above the total indebtedness.

9. Furthermore, Movant is not receiving payments to protect against the erosion of its security interest in the Property.

10. If Movant is not permitted to enforce its lien on the Property, it will suffer irreparable injury, loss, and damage.

**WHEREFORE**, Movant, respectfully requests the Court enter an order:

a. terminating the automatic stay;

b. permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the Property described herein; and

c. granting such other relief that the Court may deem just and proper.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33765
P: (727) 565-2653
F: (727) 213-9022
E:bk@stewartlegalgroup.com
Counsel for Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 28th day of December, 2018.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899

**VIA FIRST CLASS MAIL**

Christopher David Stanley
Farabee Lyn Stanley
42525 W Altoona Road
Altoona, FL 32702

**VIA CM/ECF NOTICE**

Wayne B Spivak
Attorneys Justin Clark & Associates PLLC
500 Winderley Place, Unit 100
Maitland, FL 32751

Lori Patton
Law Office of Lori Patton, PA
PO Box 520547
Longwood, FL 32752